T.C. Memo. 2015-133

UNITED STATES TAX COURT

DAVID S. STOUT AND CRYSTAL A. STOUT, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16781-13.                     Filed July 21, 2015.

David S. Stout and Crystal A. Stout, pro sese.

Richard J. Hassebrock, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, Judge:  After concessions, the issues for decision are whether

petitioners' 2007 income, relating to a stock equivalent plan, is properly

**[*2]** characterized as ordinary or capital gain and whether petitioners are liable for a section 6651(a)(1) addition to tax.[1]

## FINDINGS OF FACT

From 1999 through 2012 David Stout worked as a software engineer for Pole Zero Corp. (Pole Zero), an Ohio corporation that designs and manufactures radio frequency interference mitigation products. In January 1995 Pole Zero authorized and instituted a stock equivalent plan (plan) pursuant to which it issued stock incentive units (SIUs) to "full-time salaried employees of the Company who have been employed * * * a minimum of three (3) years and * * * serve in key executive, administrative, professional or technical capacities".

Pole Zero credited SIUs to accounts maintained for the benefit of plan participants. The value of each SIU was measured by, and adjusted to reflect changes in, the fair market value of a share of Pole Zero common stock. In addition, plan participants received, for each SIU, credits to their plan accounts equal to cash dividends relating to each share of common stock. These dividend equivalents accrued interest. The plan provided that amounts credited to a plan participant's account "represent only an unsecured promise * * * to pay in

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[*3] accordance with the terms of the Plan." Plan participants would not, pursuant to the plan, "acquire any right, title, or interest in any assets of the Company." Upon a merger or acquisition of Pole Zero, plan participants had the right to receive cash payments equal to the value of their plan accounts.

On February 27, 2007, Dover Electronics, a subsidiary of Dover Corp., acquired Pole Zero. On or around March 5, 2007, Pole Zero paid Mr. Stout $319,559, reflecting the value of his plan account at the time of the acquisition. The extended due date for filing petitioners' 2007 Form 1040, U.S. Individual Income Tax Return, was October 15, 2008. Petitioners filed their 2007 Form 1040 on February 1, 2011, and reported the $319,559 payment, relating to the plan, as ordinary income. Respondent examined petitioners' 2007 tax return. During the examination petitioners contended the payment from Pole Zero, relating to the plan, qualified for capital gain treatment. Respondent, on April 17, 2013, sent petitioners a notice of deficiency relating to 2007. Respondent disallowed certain itemized and business expense deductions and determined that petitioners were liable for a $29,901 income tax deficiency and a $7,475 section 6651(a)(1) addition to tax. On July 22, 2013, petitioners, while residing in Ohio, filed a petition with the Court.

**[*4]**                                    OPINION

Capital gain is "gain from the sale or exchange of a capital asset".  See sec.

1222(1), (3).  A right to receive a future payment of ordinary income is not a

capital asset.  See Commissioner v. P.G. Lake, Inc., 356 U.S. 260, 265-266 (1958);

Davis v. Commissioner, 119 T.C. 1, 6-7 (2002).  Petitioners contend that the plan,

pursuant to section 422, was an incentive stock option plan; they received stock;

and the payment received was capital gain income.  We disagree.  The plan

provided that Mr. Stout, in consideration for his services, would receive a cash

payment on a future date.  See sec. 61(a)(1); Downs v. Commissioner, 49 T.C.

533, 539 (1968) (holding that compensation received as consideration for services

is ordinary income).  The plan did not qualify as a section 422 incentive stock

option plan and did not grant Mr. Stout an option to buy or sell any Pole Zero

stock.  See sec. 422(b) (providing that an "incentive stock option" is an option

granted to an individual to purchase the stock of a corporation).  Indeed, it

expressly provided that participants would not receive any interest in the assets of

Pole Zero.  Accordingly, the payment to Mr. Stout was ordinary income.  See sec.

1222(1), (3); Commissioner v. P.G. Lake, Inc., 356 U.S. at 265-266; Davis v.

Commissioner, 119 T.C. at 6-7.

[**\*5**]  Section 6651(a)(1) imposes an addition to tax for failure to timely file a return unless it is shown that such failure is due to reasonable cause and not due to willful neglect.  See United States v. Boyle, 469 U.S. 241, 245 (1985).  Petitioners filed their Form 1040 over two years after its due date but contend that they had reasonable cause for doing so because Mr. Stout could not find relevant documentation and he did not want to "get in trouble for filing false tax records".[2]  In short, petitioners did not exercise ordinary business care and prudence, and their failure to find particular documents does not excuse their failure to timely file.  See sec. 301.6651-1(c)(1), Proced. & Admin. Regs.  Accordingly, petitioners are liable for a section 6651(a)(1) addition to tax.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

Decision will be entered

under Rule 155.

---

[2]Respondent bears, and has met, the burden of production relating to the sec. 6651(a)(1) addition to tax.  See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  Petitioners bear the burden of proof relating to reasonable cause.  See Higbee v. Commissioner, 116 T.C. at 446.